Ken Ciccoli, Esq.
INLET LAW, LLC
4089 Pennock Street
Homer, AK 99603
(907) 299-6572
Info@Inlet-Law.com
Attorney for Fletcher Bay, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| KENAI RED FISH COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FLETCHER BAY, LLC, <br><br> Defendant. | Case No. 3:26-cv-00215 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

**COMES NOW** the Defendant, Fletcher Bay, LLC, by and through undersigned counsel, and hereby opposes Plaintiff Kenai Red Fish Company, LLC's Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.

Defendant requests that the Court deny the motion based on the argument set forth below or, in the alternative, set the matter for a hearing so that Defendant may present evidence and oral argument before any temporary restraining order

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 1 of 17

CASE NO. 3:26-CV-00215

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 1 of 17

or preliminary injunction is entered. Plaintiff seeks mandatory relief that would require Defendant to surrender possession and control of the dock to Plaintiff, rather than preserve the status quo, and Plaintiff has not made the necessary showing of substantial likelihood of success on the merits, irreparable harm, balance of equities, or public interest required for such extraordinary relief.

## I.  INTRODUCTION

Plaintiff asks this Court to require Defendant to surrender exclusive control of Defendant's commercial fish dock, related improvements, and equipment for the 2026 season. That is not a routine order preserving existing conditions. It is mandatory injunctive relief and practical specific performance without trial.

Plaintiff cannot make the necessary showings for this Court to issue a temporary restraining order or preliminary injunction. Plaintiff's theory depends on the premise that Plaintiff fully complied with the lease and that the prior owner waived all defaults. The record does not support either proposition. The prior owner's November 4, 2025, letter reads that: (1) the prior owner maintained it could evict Plaintiff for lease violations; (2) identified numerous alleged lease violations; (3) agreed to suspend then-current eviction plans only in exchange for future compliance; and (4) expressly reserved the right to strictly enforce the lease

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 2 of 17

CASE NO. 3:26-CV-00215

Case 3:26-cv-00215-ACP    Document 10    Filed 06/08/26    Page 2 of 17

going forward.[1] The lease's anti-waiver provision confirms that a failure to enforce a provision is not a waiver of later strict enforcement.

The Court need not decide every alleged default on this emergency record. The narrower point is sufficient: Plaintiff has not made a clear showing of entitlement to mandatory relief. The parties have substantial disputes about compliance, waiver, cure, and the scope of any seasonal possessory rights. Plaintiff also fails to show likely irreparable harm. Plaintiff pleads an alternative $3.1 million damages remedy, relies on speculation about third-party fishermen and employees, submits no declarations from those third parties, and disregards Defendant's offer to work with Plaintiff to offload fish without surrendering control of the dock. The Motion must be denied.

## II.     FACTUAL BACKGROUND

### A. Plaintiff claims a seasonal lease, not year-round possession.

Plaintiff alleges that it leased limited portions of the property at 27367 Tideland Street in Kasilof, Alaska, including a commercial fish dock, ramp, man docks, certain improvements, and limited equipment.[2] Plaintiff claims seasonal

---

[1]  Nov. 4, 2025, Letter, Benson Decl., Ex. 4.
[2]  Compl. ¶ 5.

KENAI RED FISH COMPANY, LLC          DEFENDANT'S RESPONSE TO          CASE NO. 3:26-CV-00215
v. FLETCHER BAY, LLC                 PLAINTIFF'S MOTION FOR TEMPORARY
                                     RESTRAINING ORDER/PRELIMINARY
                                     INJUNCTION
                                     Page 3 of 17

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 3 of 17

use from June 15 through August 31 each year.[3] Plaintiff does not claim year-round possession.

The lease document upon which Plaintiff relies is not an unrestricted grant of access or control. It limits Plaintiff's use to activities associated with offloading commercially caught fish, requires lease payment by June 15, requires daily dock-use logs and fish-ticket or weight documentation, requires removal of goods and effects at the end of the term, imposes insurance and maintenance duties, and contains default and anti-waiver provisions.[4]

## B. The prior owner disputed Plaintiff's compliance and expressly reserved strict enforcement rights.

Plaintiff relies on the November 4, 2025, letter as evidence of waiver. But the letter does not say that the prior owner waived defaults or that Plaintiff was in good standing. The letter states the opposite. It reads that the prior owner maintained that a court would construe the lease to allow immediate eviction for lease violations, and that the prior owner was willing to "suspend its current

---

[3] *Id.* at ¶ 6; Pl.'s Mem. at 2.
[4] Benson Decl., Ex. 1; see also Nov. 4, 2025, Letter, Benson Decl., Ex. 4.

KENAI RED FISH COMPANY, LLC    DEFENDANT'S RESPONSE TO    CASE NO. 3:26-CV-00215
V. FLETCHER BAY, LLC    PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 4 of 17

Case 3:26-cv-00215-ACP    Document 10    Filed 06/08/26    Page 4 of 17

eviction plans" only "in exchange for assurances from Plaintiff that, going forward, Plaintiff would adhere to its obligations under the lease."[5]

The same letter identified alleged defaults including late rent, insurance failures, failure to remove personal property, unauthorized subletting, prohibited noncommercial use, failure to provide daily logs and fish-ticket/weight information, unrepaired dock damage, and failure to provide proof of crane maintenance and inspection.[6] The letter is significant because it shows notice, non-waiver, reservation of rights, and a disputed compliance record inconsistent with Plaintiff's assertion that it has "fully complied" with the lease.

The letter also quoted the lease's anti-waiver provision: "The failure of either party to enforce any provisions of [the] Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of [the] Lease."[7] Plaintiff cannot convert an express reservation of rights into a waiver.

---

[5] Nov. 4, 2025, Letter, Benson Decl., Ex. 4.
[6] Id.
[7] Id.

KENAI RED FISH COMPANY, LLC            DEFENDANT'S RESPONSE TO            CASE NO. 3:26-CV-00215
V. FLETCHER BAY, LLC                    PLAINTIFF'S MOTION FOR TEMPORARY
                                        RESTRAINING ORDER/PRELIMINARY
                                        INJUNCTION
                                        Page 5 of 17

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 5 of 17

## C. Plaintiff seeks affirmative final relief before trial.

Plaintiff's Complaint seeks declarations that Plaintiff fully complied with the lease, that the lease is fully effective and enforceable against Defendant, and that Plaintiff is entitled to complete, unfettered, exclusive possession of the dock every year through 2033.[8] The Motion seeks the same practical result for the 2026 season: an order preventing Defendant from terminating the lease and requiring Defendant to give Plaintiff continuous access and exclusive use of the property from June 15 through August 31, 2026. The requested order would require Defendant to surrender operational control of its own waterfront property during the commercial fishing season.

## III.   LEGAL STANDARD

A temporary restraining order and a preliminary injunction are governed by the same substantive standard. A preliminary injunction is an "extraordinary remedy never awarded as of right."[9] A plaintiff must establish that: (1) it is likely to succeed on the merits; (2) likely to suffer irreparable harm absent preliminary

---

[8] Compl. ¶ 24.
[9] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

KENAI RED FISH COMPANY, LLC          DEFENDANT'S RESPONSE TO          CASE NO. 3:26-CV-00215
v. FLETCHER BAY, LLC                 PLAINTIFF'S MOTION FOR TEMPORARY
                                     RESTRAINING ORDER/PRELIMINARY
                                     INJUNCTION
                                     Page 6 of 17

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 6 of 17

relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[10]

The Ninth Circuit's serious questions formulation survives only as part of the four-factor test.[11] Even under that sliding-scale approach, the moving party must still show likely irreparable harm and that the public interest favors relief.[12]

The burden is higher where, as here, the requested injunction is mandatory. A mandatory injunction orders a party to take action, changes the status quo, and is "particularly disfavored."[13] A mandatory injunction should not issue unless the facts and law clearly favor the moving party.[14]

---

[10] *Id.* at 20.

[11] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011).

[12] *Id.*

[13] *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (stating that courts "should deny such relief 'unless the facts and law *clearly favor* the moving party.' (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.1994) (emphasis added)); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

[14] *Garcia*, 786 F.3d at 740.

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION

CASE NO. 3:26-CV-00215

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 7 of 17
Page 7 of 17

# IV. ARGUMENT

## A. Plaintiff seeks a mandatory injunction and therefore must show that the facts and law clearly favor relief.

Plaintiff labels the requested relief as preservation of the status quo, but the substance of the requested order controls. Plaintiff asks the Court to require Defendant to give Plaintiff exclusive possession and operational control of Defendant's dock and equipment for the 2026 season. Plaintiff was not in year-round possession when it filed the Motion; the claimed 2026 seasonal term had not begun. The requested order would require affirmative transfer of control from Defendant to Plaintiff.

That is mandatory relief. It is also substantially the same relief Plaintiff seeks on the merits through specific performance and declaratory judgment. Because the requested relief would grant Plaintiff the practical benefit of its ultimate remedy before trial, it should not issue unless the facts and law clearly favor Plaintiff. They do not.

KENAI RED FISH COMPANY, LLC     DEFENDANT'S RESPONSE TO     CASE NO. 3:26-CV-00215
v. FLETCHER BAY, LLC     PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 8 of 17

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 8 of 17

## B. Plaintiff has not shown substantial likelihood success on the merits.

### 1. Plaintiff cannot establish a clear entitlement to relief where compliance, waiver, and cure are disputed.

Plaintiff's merits theory depends on its assertion that it "fully complied with its obligations under the Lease."[15] The present record does not allow that conclusion. Plaintiff's own evidence includes the November 4, 2025, letter, which stated that the prior owner maintained it could evict Plaintiff for lease violations, identified alleged defaults, conditioned forbearance on future compliance, and expressly reserved strict enforcement rights.[16]

Those disputes matter because the lease provides that the tenant is in default if it fails to fulfill any lease obligation or term by which it is bound, and it authorizes the landlord to take possession if a nonfinancial default is not cured within ten days after written notice.[17] If the prior owner's position is correct, Plaintiff was not an undisputed performing tenant entitled to specific performance; it was a tenant with unresolved default issues. Because these events remain uncured, Plaintiff has been in continuous breach since at least the 2025

---

[15] Compl. ¶ 17; Pl.'s Mem. at 7-8.
[16] Benson Decl., Ex. 4.
[17] Benson Decl., Ex. 1.

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 9 of 17

CASE NO. 3:26-CV-00215

season and remains so to date.[18] Here, Plaintiff asks this Court to ignore Plaintiff's breach and even reward them for it.

Plaintiff's waiver theory does not cure the problem. Alaska law recognizes implied waiver only where conduct evidences an intention to waive a right, is inconsistent with any other intention, or where neglect to insist on the right results in prejudice to another party.[19] The November 4 Letter expressly reserved strict enforcement rights and quoted the anti-waiver clause. That record is inconsistent with a clear waiver finding.

At minimum, the record presents substantial factual and legal disputes about lease compliance, notice, cure, waiver, and the scope of any seasonal rights. Those disputes defeat Plaintiff's request for mandatory preliminary relief.

2. **Plaintiff's reliance on the prior owner's forbearance letter does not establish waiver.**

Plaintiff characterizes the November 4 letter as a waiver of all pre-2026 lease issues. But the letter states that the prior owner was willing to suspend then-current eviction plans only to avoid litigation and only in exchange for Plaintiff's

---

[18] Nov. 4, 2025, Letter, Benson Decl., Ex. 4.
[19] See *Altman v. Alaska Truss & Mfg. Co., Inc.*, 677 P.2d 1215, 1223-24 (Alaska 1983).

KENAI RED FISH COMPANY, LLC     DEFENDANT'S RESPONSE TO     CASE NO. 3:26-CV-00215
V. FLETCHER BAY, LLC     PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 10 of 17

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 10 of 17

future compliance. It then warns that the prior owner would strictly enforce the lease going forward.[20]

That is a reservation of rights, not an unconditional waiver. Plaintiff cannot use the letter as a sword to establish waiver while asking the Court to disregard the letter's express conditions and anti-waiver language. The Court should not resolve that merits dispute on a compressed emergency record by awarding Plaintiff the practical equivalent of final relief.

## C. Plaintiff has not shown likely irreparable harm.

Plaintiff's alleged harm is primarily economic and compensable. The Complaint expressly seeks "3.1 million dollars in damages" as an alternative to specific performance.[21] Plaintiff's own pleading therefore asserts that the alleged loss can be valued in money to a specific degree. An injunction is an equitable remedy and only valid when damages are inadequate. By Plaintiff's own pleadings, damages are adequate here.[22]

Plaintiff attempts to recast monetary loss as loss of goodwill, fleet relationships, and employee relationships. But Plaintiff relies almost entirely on

---

[20] Benson Decl., Ex. 4.
[21] Compl. ¶ 15 & Prayer ¶ 3.
[22] *Id.*

| KENAI RED FISH COMPANY, LLC | DEFENDANT'S RESPONSE TO | CASE NO. 3:26-CV-00215 |
| --- | --- | --- |
| V. FLETCHER BAY, LLC | PLAINTIFF'S MOTION FOR TEMPORARY | |
| | RESTRAINING ORDER/PRELIMINARY | |
| | INJUNCTION | |
| | Page 11 of 17 | |

Case 3:26-cv-00215-ACP    Document 10    Filed 06/08/26    Page 11 of 17

Plaintiff's principal's prediction that fishermen and crew members "will likely" stop working with Plaintiff if Plaintiff lacks exclusive possession of the dock.[23] Plaintiff submits no declarations from fishermen, crew members, buyers, processors, lenders, or customers. It provides no contracts showing that the alleged fleet relationships cannot be preserved, no financial analysis showing that damages cannot be calculated, and no market evidence establishing that every alternative is unavailable or economically impossible.

Plaintiff's claimed inevitability is also undermined by the record. Plaintiff acknowledges that Defendant offered to work with Plaintiff to offload fish while Defendant retained control over the dock, equipment, crew, safety, and operations.[24] Plaintiff may prefer exclusive possession, but preference is not irreparable harm. Plaintiff has not shown that it cannot buy fish, offload fish, sell fish, or preserve business relationships absent the extraordinary remedy of exclusive possession.

The timing also weighs against emergency relief. Plaintiff knew in October and November 2025 that the prior owner disputed Plaintiff's compliance, had

---

[23] Pl.'s Mem. at 8-9.
[24] Benson Decl. ¶ 15.

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 12 of 17

CASE NO. 3:26-CV-00215

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 12 of 17

considered eviction, and reserved the right to strictly enforce the lease. Yet Plaintiff waited until May 29, 2026, less than three weeks before the claimed start of the 2026 seasonal term, to seek emergency relief. That delay is inconsistent with the clear showing required for mandatory interim relief. Plaintiff cannot create the harm from which they now seek relief.

### D. The balance of equities weighs against forcing Defendant to surrender its dock before trial.

The requested injunction would substantially harm Defendant. Plaintiff asks the Court to prevent Defendant from using the dock and equipment itself or rent the premises to other tenants during the most important months of the commercial season and to transfer operational control to Plaintiff before adjudication of the parties' disputed rights and obligations. Defendant would be further harmed because Plaintiff has already demonstrated it would abuse and neglect the dock.

By contrast, Plaintiff has pleaded a specific damages figure and has not shown that an offloading arrangement, damages, or other relief after trial would be inadequate. The equities do not favor dispossessing the current owner on a disputed record.

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 13 of 17

CASE NO. 3:26-CV-00215

## E. The public interest does not support the requested injunction.

Plaintiff argues that the public interest favors stability in the Alaska fishing industry. Stability matters, but it does not justify emergency specific performance where the tenant's compliance, the alleged waiver, and the parties' rights are disputed. The public interest favors enforcement of commercial leases according to their terms, safe and orderly dock operations, and resolution of disputed property rights on an adequate record.

The requested injunction would do the opposite. It would award Plaintiff exclusive operational control before trial, despite unresolved disputes over whether Plaintiff complied with the lease and whether the prior owner preserved the right to insist on strict compliance. The public interest does not favor that result.

## F. If the Court grants any interim relief, it should require substantial security and tailor any order narrowly.

Plaintiff's proposed order does not require security. Rule 65(c) provides that the Court may issue a temporary restraining order or preliminary injunction only if the movant gives security in an amount the Court considers proper to pay the

KENAI RED FISH COMPANY, LLC     DEFENDANT'S RESPONSE TO     CASE NO. 3:26-CV-00215
v. FLETCHER BAY, LLC     PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 14 of 17

Case 3:26-cv-00215-ACP     Document 10     Filed 06/08/26     Page 14 of 17

costs and damages sustained by a party later found to have been wrongfully enjoined.[25]

If the Court grants any relief, Defendant requests a bond sufficient to cover lost seasonal dock revenue, lost fishing-business revenue, operational disruption, crew and equipment costs, property damage risk, and attorney's fees and costs caused by a wrongful injunction. Based on the current damages sought by the Plaintiff, Defendant requests security of not less than $3,100,000.00, subject to supplementation after an evidentiary hearing.

Any order must also comply with Rule 65(d) by stating its reasons, terms, and required or restrained acts with specificity. It should not grant open-ended "unfettered" access, should not prohibit Defendant from protecting its property, should not deprive Defendant of inspection and operational-control rights, and should not require Defendant to allow Plaintiff to use the premises unless Plaintiff first satisfies all rent, insurance, maintenance, and other lease obligations and posts adequate security.

---

[25] Fed. R. Civ. P. 65(c).

KENAI RED FISH COMPANY, LLC     DEFENDANT'S RESPONSE TO     CASE NO. 3:26-CV-00215
V. FLETCHER BAY, LLC     PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 15 of 17

# CONCLUSION

Plaintiff seeks extraordinary mandatory relief on a disputed record. Plaintiff has not shown that the facts and law clearly favor relief, has not shown likely irreparable harm, and has not shown that the equities or public interest support dispossessing Defendant of its dock before trial. Accordingly, the Court must deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

DATED: June 8, 2026

INLET LAW, LLC
Counsel for Fletcher Bay, LLC

/s/Ken Ciccoli
Ken Ciccoli, Esq.
Alaska Bar No. 2211118

KENAI RED FISH COMPANY, LLC
v. FLETCHER BAY, LLC

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER/PRELIMINARY
INJUNCTION
Page 16 of 17

CASE NO. 3:26-CV-00215

## CERTIFICATE OF SERVICE

I served a true and correct copy of the foregoing on:

Megan N. Sandone
Jermain, Dunnagan & Owens, P.C.
111 W. 16th Ave., Ste. 203
Anchorage, AK 99501
msandone@jdolaw.com

Julie R. Vacura, Oregon Bar No. 843692
Larkins Vacura Kayser LLP
121 SW Morrison St, Suite 700
jvacura@lvklaw.com
*Attorneys for Plaintiff Pro Hac Vice Pending*

This document was served via PACER service.

Dated: June 8, 2026
INLET LAW, LLC
/s/ Ken Ciccoli

KENAI RED FISH COMPANY, LLC       DEFENDANT'S RESPONSE TO       CASE NO. 3:26-CV-00215
V. FLETCHER BAY, LLC              PLAINTIFF'S MOTION FOR TEMPORARY
                                  RESTRAINING ORDER/PRELIMINARY
                                  INJUNCTION
                                  Page 17 of 17

Case 3:26-cv-00215-ACP      Document 10      Filed 06/08/26      Page 17 of 17