KENAI RED FISH COMPANY, LLC,

Plaintiff,

v.

FLETCHER BAY, LLC,

Defendant.

3:26-cv-00215-ACP

**ORDER DENYING TEMOPRARY RESTRAINING ORDER**
[Dkt. 5]

## I.   INTRODUCTION

On May 29, 2026, the Plaintiff filed a complaint for breach of contract, seeking various relief that includes monetary damages.[1] The Plaintiff mainly alleges that Defendant wrongfully terminated a lease granting the right to use a commercial fishing dock. While the case is pending, the Plaintiff seeks a temporary restraining order:

> 1) finding the Lease to be effective and enforceable; 2) enjoining Defendant from taking exclusive use of the Dock during the seasonal lease term of June 15 through August 31, 2026; 3) and requiring Defendant give exclusive access to the Dock and other improvements and real property subject to the Lease.[2]

As explained below, the request for a TRO is **DENIED**.[3]

---

[1] Dkt. 1 (Complaint).

[2] Dkt. 5-1 at 10 (Motion for Temporary Restraining Order and Injunctive Relief).

[3] The Plaintiff also seeks a preliminary injunction, and the Court will issue a separate order on that issue. *Id.*

1

## II. BACKGROUND

Kenai Red Fish Company, LLC alleges that it entered into a commercial lease for real property with JR's Evergreen Investments LLC.[4] The Lease allegedly provided Kenai Red Fish with "exclusive seasonal use of a fish dock, ramp, and man docks attached thereto, buoys, office, shop, fish ticket shed, sorting table assembly, dock crane, and sufficient real property to locate a two-person trailer and portable bathroom."[5] Several years later, Evergreen sold the leased property to Fletcher Bay, LLC.[6] And according to Kenai Red Fish, Fletcher Bay agreed to continue the lease but "[o]n or about May 23, 2026 FB wrongfully terminated the Lease without cause."[7]

Kenai Red Fish's lease with Evergreen (Fletcher Bay's predecessor-in-interest) allegedly began on June 15, 2023.[8] The original lease "terminat[ed] on August 31, 2023, with an automatic lease option to renew every year for 10 years."[9] The Lease required Kenai Red Fish to provide Evergreen a notice of renewal by March 1 every year.[10] The Lease was never signed by Evergreen.[11]

However, a letter from Fletcher Bay's counsel dated November 5, 2025 confirms that Kenai Red Fish and Evergreen seemed, at that time anyway, to have some contract in

---

[4] Dkt. 1 at 2.
[5] *Id*.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*
[9] *Id*.
[10] Dkt. 5-3 at 1.
[11] Dkt. 5-3 at 8; Dkt. 5-1 at 2.

connection with the dock.[12] The letter references the Lease and quotes language identical to it.[13] However, that same letter demonstrates Evergreen's unhappiness with Kenai Red Fish. Counsel for Evergreen wrote:

> We maintain that a court would construe the Lease in a way that would allow [Evergreen] to evict KRF immediately for lease violations. However, in the interest of avoiding costly litigation to the detriment of all parties, [Evergreen] is willing to suspend its current eviction plans in exchange for assurances from KRF that, going forward, KRF will adhere to its obligations under the Lease.[14]

Evergreen also listed various ways that Kenai Red Fish allegedly breached the Lease. These include failing to pay the rent on time; failing to maintain insurance throughout the lease term; failing to obtain property insurance; failing to obtain pollution liability insurance; failing to remove personal property; subletting the property; using the dock for subsistence fishing; allowing salmon to rot on the dock (which is unlawful); failing to keep a daily log of dock use; failing to make repairs to the dock; and failing to appropriately maintain the dock's crane.[15] But Kenai Red Fish continued using the Dock.

When Clint Benson, founder of Kenai Red Fish, learned that Fletcher Bay had purchased the property, he met with a representative of Fletcher Bay to discuss the Lease.[16] Jeff Grannum, the representative, conveyed that Fletcher Bay did not intend to continue leasing the property to Kenai Red Fish, opting instead to use it for its own fishing

---

[12] Dkt. 5-6 (Exhibit 4 to Decl. of Benson).

[13] *Id.*

[14] *Id.* at 1.

[15] *Id.* at 1-2.

[16] Dkt. 5-2 at 5.

operations.[17] On May 27, 2026, counsel for Fletcher Bay informed Kenai Red Fish "that any supposed lease between Kenai Red Fish and Fletcher Bay LLC is terminated."[18] In the letter, Fletcher Bay also conveyed an initial offer of preliminary, alternative terms that would allow Kenai Red Fish to continue using the dock.[19] Since this time, Kenai Red Fish has tried and failed to locate an alternative to the Lease.[20] Kenai Red Fish alleges that terminating the Lease will harm its business.[21]

### III.    LEGAL STANDARD

The court may "grant injunctive relief or temporary restraining orders in order to protect the public welfare or preserve the status quo pending a hearing or to enforce its orders."[22] The standard for issuing a TRO is essentially the same as the one for entering a preliminary injunction.[23] The Plaintiff must establish: (1) the likelihood of success on the merits; (2) the equities; (3) the likelihood of irreparable harm; and (4) the public interest.[24] A plaintiff can also obtain a TRO by showing "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff" if the other factors are met.[25]

---

[17] *Id.*

[18] Dkt. 5-7 at 1.

[19] *Id.*

[20] Dkt. 5-2 at 5-6.

[21] *Id.*

[22] *Hoffman v. Int'l Longshoremen's & Warehousemen's Union, Loc. No. 10*, 492 F.2d 929, 933 (9th Cir. 1974).

[23] *Washington v. Trump*, 847 F.3d 1151, 1159, n. 3 (9th Cir. 2017).

[24] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

[25] *Ariz Mining Reform Coal. v. U.S. Forest Serv.*, 170 F.4th 879, 891 (9th Cir. 2026) (quoting *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1126 (9th Cir. 2024)).

## IV. ANALYSIS

The motion for TRO is **DENIED** because the plaintiff has not proved irreparable harm at this stage. If Fletcher Bay violated the lease, monetary damages will be an adequate remedy. That is certainly true as to the time between now and a ruling on the preliminary injunction request. Also, Kenai Red Fish has not established that it is likely to succeed on the merits at this point because there is meaningful evidence showing that it materially breached the lease, which would be ground to lawfully terminate the lease. Kenai Red Fish therefore has not met its burden to obtain a TRO.

**A. Kenai Red Fish has not proved irreparable harm.**

Kenai Red Fish has not proved that it will imminently suffer irreparable harm. The Ninth Circuit has held that monetary damages are adequate compensation for purely economic harm. In *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, the court overturned a district court for issuing a preliminary injunction to prevent the National Football League from stopping the LA Memorial Coliseum from taking on the Oakland Raiders as a new tenant.[26] As relevant here, the district "court erred in issuing a preliminary injunction because there was no showing of irreparable injury."[27] The court reasoned that "the Coliseum's lost revenues would be compensable by a damage award should" it ultimately lose its bid.[28] And the only potential harm alleged by the plaintiffs was loss of revenues.[29]

---

[26] 634 F.2d 1197, 1198 (9th Cir. 1980).
[27] *Id.* at 1201.
[28] *Id.* at 1202.
[29] *Id.*

The Ninth Circuit acknowledged this principle again in *Rent-A-Center., Inc. v. Canyon Television & Appliance Rental, Inc.*, stating "it is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."[30] On the other hand, where reputation and goodwill are implicated, monetary damages may not suffice. In *Rent-A-Center*, the plaintiff presented expert testimony of the "advertising efforts and goodwill that [the party seeking an injunction] sought to protect."[31]

Turning to this case, Kenai Red Fish is, by its own description, engaged in commercial enterprise implicating the disputed lease. Virtually all the harms alleged by Kenai Red Fish are economic.[32] Indeed, the complaint seeks $3.1 million dollars in damages as an alternative to specific performance.[33] And to the extent Kenai Red Fish alleges reputational harm or loss of goodwill, those are speculative for now. Unlike in *Rent-A-Center*, there is no expert testimony on this point. And it is simply not clear from the record that the intangible harms alleged by Kenai Red Fish are imminent. In filings Kenai Red Fish relies on unsupported predictions that fishermen and crew members "will likely"

---

[30] 944 F.2d 597, 603 (9th Cir. 1991).

[31] *Id.* at 603.

[32] Dkt. 5-1 at 3 ("The loss of the Dock will destroy the business Kenai Red Fish Company has built and it will take years, if ever, to rebuild that business; *id.* at 9 ("The loss of the Dock and the loss of these relationships will very likely result in the failure of Kenai Red Fish Company and Benson's legacy."); *id.* at 9-10 (No one should "be allowed to disregard the rules and agreements of those already there when to do so would destroy businesses and relationships that provide stability and an economic foundation for the fishing community of Cook Inlet.").

[33] Dkt. 1 at 8.

stop working for Kenai Red Fish. That is too speculative to warrant the extraordinary remedy of a TRO. The alleged harms certainly do not seem guaranteed before the Court rules on the preliminary injunction request.

**B.      Kenai Red Fish has not yet proved that it is likely to succeed on the merits.**

The Lease dictates that any breach by the tenant amounts to a default.[34] The Lease itself states "Landlord may take possession of the Premises without further notice" in the event of a breach, after having notified the tenant of the default.[35] And there is meaningful evidence in the record showing that Kenai Red Fish may have breached the lease. Specifically, the November 25, 2026, letter from Evergreen alleges that Kenai Red Fish repeatedly violated the lease.[36] That casts doubt on Kenai Red Fish's assertion that it fully complied with the Lease, which is foundational to its legal claim.[37]

---

[34] Dkt. 5-3 at 4.

[35] *Id.*

[36] Dkt. 5-6 ("KFR has regularly ignored its obligations under the Lease.").

[37] Kenai Red Fish argues that Fletcher Bay waived its contractual rights. It has not proved that it is *likely* to succeed on that argument for now because the November 2025 letter constituted "notice that JEI will strictly enforce its rights under the Lease going forward." Dkt. 5-6 at 2. At this early stage, the Court credits the possibility that Fletcher Bay maintained its contractual rights.

## V.    CONCLUSION

For the reasons set forth above, Kenai Red Fish's motion for a TRO is **DENIED**. The Court will rule on the request for a preliminary injunction after the time for Kenai Red Fish to file a reply has expired.

IT IS SO ORDERED.

DATED June 12, 2026, at Anchorage, Alaska

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge

8